# In the United States Court of Federal Claims

No. 10-15L
(Filed: January 25, 2017)
NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| ROSALIE GREENWOOD, *et al.*, Individually and as Representatives of a Class of Similarly Situated Individuals, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Preliminary Approval; Rails to Trails; Class Action |
| v. | ) ) | |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) ) | |

**ORDER GRANTING PRELIMINARY APPROVAL TO PARTIES' PROPOSED SETTLEMENT AND NOTICE FORMS TO CLASS MEMBERS AND SCHEDULING A PUBLIC FAIRNESS HEARING**

This rails-to-trails case arises from the conversion of a railroad corridor in Lawrence County, Arkansas to a recreational trail. This action was brought on behalf of 53 landowners who collectively own 78 parcels of land along the 6.70-mile corridor. On March 5, 2013, upon agreement of the parties, the court certified this matter as a class action and adopted the parties' proposed schedule for providing notice to class members and preparation of a claims book (ECF No. 30).

Defendant the United States ("the government") and class counsel have reached an agreement regarding the general terms of a settlement. The proposed settlement provides payments in connection with the alleged taking of plaintiffs' property for the creation of a trail. The proposed settlement does not include statutory attorneys' fees or costs. The matter of attorneys' fees and costs under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) ("URA"), will be addressed in a separate court order. It is not necessary for the court to resolve class counsel's request for attorneys' fees and costs before approving this notice to class members regarding the proposed settlement because class counsel is not seeking to

collect contingent fees under the "common fund" doctrine. *See Sabo v. United States*, 102 Fed. Cl. 619, 630 (2011).[1]

On December 1, 2016, class counsel filed a motion for preliminary approval of the settlement, approval of notice to class members regarding the proposed class action settlement, and request to set a date for public hearing under RCFC 23(e) (ECF No. 81). The government does not oppose preliminary approval of the class action settlement but asks the court to adopt the government's proposed notice plan and forms (ECF No. 82).

Based upon a review of the parties' proposed class action settlement and the parties' respective proposed notices, plaintiffs' motion for preliminary approval of the proposed settlement is **GRANTED**. The court **ORDERS** as follows:

## A. Proposed Class Action Settlement

Under Rule 23(e) of the Rules of the United States Court of Federal Claims ("RCFC"), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." The court may approve a proposed settlement "only after a hearing and on finding that it is fair, reasonable, and adequate." RCFC 23(e)(2). Before determining whether to grant final approval of the proposed settlement, this court typically first reviews the proposed settlement for a preliminary fairness evaluation, directs class counsel to provide notice of the settlement to the class, and holds a fairness hearing. *See Barnes v. United States*, 89 Fed. Cl. 668, 670 (2009).

The parties' proposed settlement agreement was filed with the court on December 1, 2016. Pls.' Mot. Ex. B (ECF No. 81-2). In reaching the agreement, the parties conducted a joint appraisal of the fair market value of class members' property interests for the alleged taking. Pls.' Mot. 2-3; Def.'s Resp. 2. The value of the easement allegedly taken from each property was determined based on the area of land at issue and the appraised value of representative parcels in three categories of residential properties, three categories of commercial/industrial properties, and one category for agricultural properties. Pls.' Mot. 3; Def.'s Resp. 3.

---

[1] In *Sabo*, 102 Fed. Cl. at 624-25, the court preliminary approved a class action settlement which did not include attorneys' fees and costs. The court later granted final approval based upon a review of several factors which included "[t]he fairness of the provision for attorney fees." *Id.* at 627. Although the parties had "not yet reached agreement on the manner in which attorneys' fees and costs [would] be assessed," the court found that "the parties' agreement with regard to attorneys' fees—to attempt to settle the issue and not to pursue fees from the settlement funds—weighs strongly in favor of approval." *Id.* at 630.

Under the settlement, class members would receive a total of $1,025,595.00, of which $611,795.00 is principal for the value of the land allegedly taken and $413,800.00 is interest as of August 31, 2016. Pls.' Mot. Ex. B ¶ 4. The amount of principal to be paid for each claim is listed in Attachment A of the proposed settlement agreement attached to plaintiffs' motion. Pls.' Mot. Ex. B Attach. A.

At this stage, "[i]n deciding whether a settlement falls within the range of approval, courts have considered a variety of factors, among them: (i) whether the settlement agreement appears to be the product of serious, informed, non-collusive negotiations; (ii) whether it improperly grants preferential treatment to class representatives or other members of the class; (iii) whether counsel are experienced and have been adequately informed of the facts via discovery; and (iv) whether the agreement otherwise has obvious deficiencies." *Barnes*, 89 Fed. Cl. at 670. Upon review of the proposed settlement agreement, the court does not find any collusive activity, preferential treatment, or other deficiencies in the proposed settlement. The court therefore preliminarily approves the proposed settlement agreement, and will now address the wording of the proposed notice to class members.

## B.    Notice Plan and Forms

When parties propose to resolve a certified class's claims through settlement, RCFC 23(e) requires the court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." RCFC 23(e)(1). A notice of settlement must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Haggart v. Woodley*, 809 F.3d 1336, 1348-49 (Fed. Cir. 2016) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)), *cert. denied*, 136 S. Ct. 2509 (2016). The Federal Circuit has found that this principle "is equally applicable in the context of the provision of additional information." *Id.* at 1349 (citing *In re Katrina Canal Breaches Litig.*, 628 F.3d 185, 197 (5th Cir. 2010)). Thus, in order to satisfy constitutional requirements and RCFC 23(e), "class counsel, either by notice or the method by which additional information is provided, must provide 'all necessary information for any class member to become fully apprised and make any relevant decisions.'" *Id.* (citing *Katrina*, 628 F.3d at 198; *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 114 (2d Cir. 2005)). "[W]hat constitutes 'necessary information' depends on the particular circumstances of the proposed settlement." *Id.* (citing *Wal-Mart Stores*, 396 F.3d at 114).

The government argues that class counsel's proposed notice does not provide sufficient information for class members to decide whether to object to the settlement. Specifically, the government argues that class counsel must provide the appraisals for the representative properties and the methodology used to calculate the final values of the unappraised properties. Def.'s Resp. 6-9. The government proposes that class counsel

provide class members with access to this information through a website. *Id.* 13-15. The government's proposal also makes a number of clarifications, such as adding information regarding the calculation of interest and how to request additional information about the proposed settlement.

Class counsel does not explicitly object to establishing a website but argues that their proposed notice meets the requirements of *Haggart* because it expressly states that "Class Counsel will make the appraisals and the property damages calculation available to you upon request." Pls.' Mot. Ex. A at 3; Pls.' Reply 1-5. Class counsel also discusses opportunities class members have already had to discuss appraisal reports and their individual settlements. Pls.' Reply 2. Class counsel also argues that the plaintiffs' proposed notice more thoroughly details the joint appraisal process. *Id.* at 4-5. Class counsel does not object to the government's other clarifications.

After a review of the parties' proposed notice plans and forms, the court **APPROVES** the government's version of the notice and forms with the exception of references to the proposed website and the references to class counsel's request for contingent fees on the grounds that the court understands that class counsel is not seeking fees under the "common fund" doctrine.[2] In addition, the approved notice adopts the parties' agreed-upon proposal that the court conduct the fairness hearing telephonically with class counsel present at a location that is convenient to class members who wish to participate in person. *See* Pls.' Mot. 9; Def.'s Resp. 18.

The court finds that the approved notice is reasonable and adequate to alert class members of their rights and obligations under the terms of the proposed settlement and to afford them opportunity to comment on or object to the proposed settlement in advance of the fairness hearing. A copy of the approved notice and forms is attached to this order.

In *Haggart*, 809 F.3d at 1348 (citations omitted), the Federal Circuit focused on the plaintiffs' "request for *additional information* concerning the methodology class counsel employed in calculating the fair market value of unappraised properties." *Id.*

---

[2] Class counsel initially requested to collect contingent fees pursuant to agreements with four class members or to treat the settlement as a common fund and recover an unspecified contingent fee (ECF No. 76). However, class counsel withdrew the request for contingent fees pursuant to the agreements with four class members (ECF No. 85 at 1). In addition, class counsel no longer argues that class counsel may recover a contingent fee under the "common fund" doctrine following the Federal Circuit's decision in *Haggart v. Woodley*, 809 F.3d 1336, 1348-49 (Fed. Cir. 2016). *See* Pls.' Reply 6 (stating that class counsel's proposed notice "merely assumes the Court will following the Federal Circuit's guidance in *Haggart*, and choose not to apply the common-fund" doctrine); ECF No. 85 (not disputing the government's argument that *Haggart* precludes class counsel's request to recover contingent fees pursuant to the common fund doctrine in this case).

(emphasis in original). The Federal Circuit "recognize[d] that notice need not 'contain a formula for calculating individual awards' or provide a 'complete source of information.'" However, the panel noted, "because notices are often general and need not encompass all relevant details, it is crucial that class counsel allow class members to 'easily acquire more detailed information' should they choose to do so. *Id.* (citations omitted).

In this case, the approved notice makes clear that class counsel will provide upon request the value of the representative properties and how the value of class members' individual properties was calculated. Because class counsel has agreed to "provide additional documents such as the spreadsheets detailing the precise methodology used to calculate the fair market value of the properties" that will allow class members "to determine for themselves whether the allocation of the settlement agreement was fair, reasonable, and adequate," *Haggart*, 809 F.3d at 1351, the court finds that class members will have sufficient access to information to make an informed decision.

The parties shall provide the attached approved notice via U.S. mail for each member of the opt-in class, and do not need to provide additional notice by publication. The parties shall abide by the following notification schedule:

1. Class counsel shall mail the approved notice and forms to class members by **February 3, 2017**. The court has attached a copy of the approved notice and forms to this order.

2. The 30-day notice period shall begin on **February 3, 2017** and shall close on **March 6, 2017**.

3. The approved notice will be mailed to the opt-in class members, along with the attached forms that will allow class members to submit comments and request to speak at the fairness hearing in advance of the hearing. Class counsel will serve the government with copies of all comments and requests to speak at the fairness hearing, and file copies of the same with the court, no later than **March 17, 2017.**

## C.     Fairness Hearing

The court hereby **SCHEDULES** a fairness hearing to take place on **Friday, March 24, 2017 at 2:00 PM eastern time**. The fairness hearing shall be held over the phone. The court will provide call-in information to the parties and any participating plaintiffs in advance of the hearing.

5

**IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge